United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-60799
Summary Calendar

---

EFRAIN TORRES, MARIA PEREZ TORRES, EFRAIN TORRES, JR, minor,
FARLEDI TORRES, minor, ELIANI TORRES, minor

Petitioners

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

---
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A74 699 369
A76 417 265
A76 417 268
A76 417 267
A76 417 266
---

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Efrain Torres, his wife Maria, and three of their children,
citizens of Colombia, petition for review of the final order of
the Board of Immigration Appeals ("BIA") affirming "without
opinion" the immigration judge's ("IJ") decision to deny their
application for asylum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Torreses proceeded pro se during their administrative proceedings. Now represented by counsel, they argue for the first time that the IJ violated their due process rights in several instances during the hearing process. This court lacks jurisdiction to review issues not raised before the BIA. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); Ozdemir v. INS, 46 F.3d 6, 8 (5th Cir. 1994). Even if we were to consider the Torreses' due process claims, we would find them meritless. Aliens are entitled to due process of law in deportation proceedings, but such challenges "require an initial showing of substantial prejudice." Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). The Torreses maintain that the IJ failed to advise them about how to prove their asylum claim and about the possibility of filing separate asylum applications, failed to consider their eligibility for withholding of removal or relief under the Convention Against Torture ("CAT"), prevented Efrain from giving narrative testimony, and failed to develop the record fully. Because they have failed, however, to make a showing of prejudice, the due process claims are meritless.

The Torreses argue that they were persecuted because three death threats were made to Efrain Torres in 1994, when he ran for president of Colombia as the candidate for the "Say No to War" party. One threat was made anonymously through a fax machine at the Torreses home/office in Bogota, a second was made during an anonymous telephone call to Efrain, and third made through

Efrain's mother in her hometown of Tarqui.  Efrain admitted that the family continued to live in Bogota for approximately a year without incident after the 1994 election.

After reviewing the record and the briefs, we conclude that the IJ's decision as adopted by the BIA is supported by substantial evidence and that the record evidence does not compel a contrary conclusion.  See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001); Soadjede v. Ashcroft, 324 F.3d 830, 831-32 (5th Cir. 2003).  The threats, standing alone, were insufficient to establish persecution.  See, e.g., Ahmed v. Ashcroft, 348 F.3d 611, 616 (7th Cir. 2003); Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000).  The evidence submitted was also insufficient to support the granting of either withholding of removal or relief under the CAT.  See Efe v. Ashcroft, 293 F.3d 899, 906, 907 (5th Cir. 2002).

The petition for review is DENIED.