**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 6, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60708
Summary Calendar

_____

PEDRO ROLANDO CHAY ZAPETA,

                                        Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 450 392
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Pedro Rolando Chay Zapeta ("Chay"), a native of the El

Quiche province of Guatemala, petitions for review of the order

of the Board of Immigration Appeals ("BIA") dismissing, without

opinion, his appeal of the immigration judge's ("IJ") decision

denying his application for asylum and withholding of removal and

rejecting his application for relief under the Convention Against

Torture ("CAT").

--------

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 03-60708
-2-

Because the BIA summarily affirmed without opinion the IJ's decision, the IJ's decision is the final agency determination for judicial review. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003); 8 C.F.R. § 1003.1(a)(7)(iii). We will uphold the finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the IJ's decision be based on the record evidence and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion." Id.

Chay asserted in his application and in hearing testimony that, in or about 1988, his parents fled Guatemala for United States, leaving Chay, who was then only 14 or 15 years old, to care for his seven younger siblings. Chay maintained that, in 1986, one of his uncles, an interpreter for the Guatemalan army, had been murdered by Guatemalan National Revolutionary Unity ("URNG") guerillas, and that the guerillas had then threatened Chay's father with death. After the children's parents left the country, the guerillas threatened them with death as well, and confronted Chay in the street with threats. Chay fled to the United States in 1992.

The IJ determined that Chay had not established past persecution or a well-founded fear of future persecution, because

he had failed to save documentary evidence of the threats, because no member of his immediate family had been harmed in almost two decades since the threats began, and because the Guatemalan government and the URNG guerillas had reached a peace accord in 1996.

After reviewing the record and the briefs, we conclude that the IJ's decision is supported by substantial evidence and that the record evidence does not compel a contrary conclusion. See Carbajal-Gonzalez, 78 F.3d at 197. The threats, standing alone, were insufficient to establish persecution. See, e.g., Ahmed v. Ashcroft, 348 F.3d 611, 616 (7th Cir. 2003); Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000). The evidence submitted was also insufficient to support the granting of relief under the CAT. See Efe v. Ashcroft, 293 F.3d 899, 906, 907 (5th Cir. 2002). By failing to brief any argument concerning the denial of withholding of removal, Chay has abandoned any claim regarding that denial. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

The petition for review is DENIED.