**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60065
Summary Calendar
_____

FREDY JAVIER CHAMORRO; MARIA JOSE CHAMORRO
MATAMOROS; IMARA KARINA CHAMORRO MATAMOROS;
ISMARA DEL SOCORRO MATAMOROS DE CHAMORRO,

                                    Petitioners,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

                                    Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 226 665
No. A95 226 668
No. A95 226 667
No. A95 226 666
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Fredy Omar Javier Chamorro, his wife Imara, and two of his
minor daughters, who are natives and citizens of Nicaragua,
petition for review of the order of the Board of Immigration
Appeals ("BIA") dismissing, without opinion, their appeal of the
immigration judge's ("IJ") decision denying their application for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

asylum and withholding of removal and rejecting his application for relief under the Convention Against Torture ("CAT").

Because the BIA summarily affirmed without opinion the IJ's decision, the IJ's decision is the final agency determination for judicial review. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003); 8 C.F.R. § 1003.1(a)(7)(iii). We will uphold the finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the IJ's decision be based on the record evidence and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion." Id.

Chamorro asserted in his application and in hearing testimony that since 1994 he and his family had been threatened, both with death and other harm, by Sandinista party officials. Starting in 1980 when he was 16 years old, Fredy Chamorro worked for the Sandinista party in various capacities until 1994. In 1994, certain Sandinista officials allegedly began threatening to kill or harm Fredy unless he lent his expertise in videotaping and other skills to help the party with various political intrigues. Aside from these threats, Fredy has not alleged that any harm has been done to him or his family. The IJ determined that Chamorro had established neither "past persecution" nor a

"well-founded fear of future persecution," because the threats, standing alone, did not amount to persecution.  See 8 U.S.C. § 1101(a)(42).

After reviewing the record and the briefs, we conclude that the IJ's decision is supported by substantial evidence and that the record evidence does not compel a contrary conclusion.  See Carbajal-Gonzalez, 78 F.3d at 197.  The unfulfilled threats by themselves were insufficient to establish persecution.  See, e.g., Ahmed v. Ashcroft, 348 F.3d 611, 616 (7th Cir. 2003); Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000).  The evidence submitted was also insufficient to support the granting of relief under the CAT.  See Efe v. Ashcroft, 293 F.3d 899, 906-907 (5th Cir. 2002).  By failing to brief any argument concerning the denial of withholding of removal, Chamorro has abandoned any claim regarding that denial.  See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

The petition for review is DENIED.