United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60142
Summary Calendar

---

BARKAT PIRMUHAMMAD,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 223 158
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Barkat Pirmuhammad petitions this court to review the decision
of the Board of Immigration Appeals ("BIA") denying relief on his
application for asylum, withholding of removal, and relief under
the Convention Against Torture ("CAT").  As to his asylum
application, Pirmuhammad seeks to challenge the BIA's determination
that his application was untimely under 8 U.S.C.  § 1158(a)(2).
This court lacks jurisdiction to review the BIA's determination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Pirmuhammad's asylum application was untimely.  See 8 U.S.C. § 1158(a)(3).

Pirmuhammad argues that the BIA erred in denying his application for withholding of removal.  He contends that the several death threats he received while living in the Sindh province of Pakistan constitute past persecution.  "[P]ersecution requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty."  Eduard v. Ashcroft, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (quotation omitted).  According to his testimony, Pirmuhammad was never physically abused, detained, or interrogated by police.  He has failed to show that he was subject to past persecution.  See id.; Abdel-Masieh v. INS, 73 F.3d 579, 583-84 (5th Cir. 1996).

Because Pirmuhammad failed to establish past persecution, he must show that it is more likely than not that he will suffer persecution in the future.  See 8 C.F.R. § 208.16(b)(2).  Relying on documentary evidence, he argues that members of the MQM party face continuing danger in Pakistan.

Pirmuhammad testified that he was able to avoid threats and persecution from 1994 to 1998 by moving to small villages in the Sindh province.  The documentary evidence shows that MQM party members such as Pirmuhammad can safely relocate to other provinces.  Substantial evidence supports the BIA's determination that Pirmuhammad has not met his burden to establish an entitlement to

withholding of removal.  <u>See</u> <u>Efe v. Ashcroft</u>, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R. § 208.16(b)(2), (3)(i).

Pirmuhammad does not brief the BIA's denial of relief under the CAT.  Accordingly, he has waived the claim.  <u>See</u> <u>Rodriquez v. INS</u>, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Pirmuhammad's petition for review is DENIED.