# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 20-61172

Mario Rene Ramirez Rojas,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 969 956

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner Mario Rene Ramirez Rojas seeks review of an order from the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the following reasons, the petition is denied in part and dismissed in part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61172

## I. FACTUAL & PROCEDURAL BACKGROUND

Ramirez Rojas, a native and citizen of Guatemala, entered the United States illegally in 1999. In September 2014, the Department of Homeland Security served Ramirez Rojas with a Notice to Appear ("NTA") charging him with removability as an alien present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

In April 2016, Ramirez Rojas appeared with counsel before an IJ, admitted to the allegations in the NTA, and conceded that he was removable as charged. He also indicated that he intended to pursue a previously filed application for asylum, withholding of removal, and protection under the CAT. He sought withholding of removal based on his membership in a particular social group ("PSG") that he identified as "community commissioners targeted by gangs for assisting the government[] and attempting to curtail gang activity." In June 2017, he appeared with counsel at a hearing on the merits of his I-589 application. There, his counsel confirmed the previously identified PSG of community commissioners targeted by gangs and added another PSG—"former members of the military."

Ramirez Rojas testified that while living in Guatemala, he worked as a "military commissioner" and assisted the Guatemalan army in capturing members of the guerrilla movement and other criminals. He retired from his position in 1998, and by the end of that year, two of his former colleagues had been killed. Ramirez Rojas testified that he believed that they were killed because of their work as military informants. One month after the killings, an anonymous note was left at Ramirez Rojas's home that said, "you also are going to go visit your friends" and he interpreted the note to mean that he would be killed based on his prior work as a military commissioner. He testified that he did not report the threatening note to the police because he believed that they could not be trusted based on their reputation for accepting

No. 20-61172

bribes. Four days after receiving the note, Ramirez Rojas left Guatemala for the United States.

Though Ramirez Rojas feared being harmed if removed to Guatemala, he conceded that he had never been physically harmed while residing there. Additionally, he admitted that he had not received any threats since he came to the United States and that there was no indication that anyone was looking for him in Guatemala. He also confirmed that his daughter continued to live in Guatemala and had not received any threats. He further testified that, even though he had retired from his position as a military commissioner 20 years ago, "there [were] people [in Guatemala] who hate[d] [him]" because of the information that he had provided to the military and the police. When asked why he waited until 2014 to file his asylum application, Ramirez Rojas responded that he was afraid that he would be deported.

The IJ issued an oral decision denying Ramirez Rojas's application for asylum, withholding of removal, and CAT protection. The IJ determined that the application was untimely because it was not filed within one year of Ramirez Rojas's arrival to the United States but nonetheless considered the merits of the application. In doing so, it concluded that the one anonymous threat that Ramirez Rojas received did not rise to the level of past persecution. Alternatively, the IJ determined that even if Ramirez Rojas had suffered harm rising to the level of past persecution, he had failed to meet his burden of showing that he was persecuted based on his membership in a PSG.

The IJ likewise concluded that Ramirez Rojas had failed to show a well-founded fear of future persecution that was objectively reasonable. This is because the anonymous threat that he received did not mention his former position as a military commissioner, and his testimony did not suggest that he would be harmed as a former member of the military. The IJ also reasoned that Ramirez Rojas had failed to show that the Guatemalan government was unwilling or unable to protect him because he often worked with the police

No. 20-61172

to apprehend criminals and this belied any claim that the police would not have helped him if he had reported the letter.

Because Ramirez Rojas had not shown past persecution or a well-founded fear of future persecution based on a statutorily protected ground, the IJ determined that he was not eligible for asylum. Further, he was not entitled to withholding of removal given his failure to meet the lower standard to be eligible for asylum. Finally, he was not eligible for CAT protection because he had not shown that it was more likely than not that he would be tortured if he returned to Guatemala.

Ramirez Rojas appealed the IJ's decision to the BIA which affirmed the IJ's decision without a written opinion. He then filed this petition for review.

## II. Standard of Review

"When the BIA affirms the IJ's decision without an opinion, as is the case here, the IJ's decision is the final agency decision for purposes of judicial review on appeal." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We review the IJ's factual findings for substantial evidence, while legal questions are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The factual determination that an alien is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen*, 470 F.3d at 1134.

"The substantial evidence standard requires only that the [IJ's] decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). Under that standard, we may not reverse an IJ's factual findings unless the evidence compels a contrary conclusion. *Chen*, 470 F.3d at 1134. "The applicant has the burden

of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

## III. Discussion

As a preliminary matter, we note that Ramirez Rojas has failed to raise any type of substantive challenge to the IJ's holdings on his claims for asylum and CAT protection. Consequently, he has abandoned these claims on appeal and we need only address his claims related to withholding of removal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that when an appellant fails to identify any error in the district court's analysis, it is as if the appellant had not appealed); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (applying *Brinkmann* in the immigration context).

An applicant for withholding of removal must show a "clear probability" that his life or freedom would be threatened by persecution on account of the protected grounds of race, religion, nationality, membership in a PSG, or political opinion. *See Mwembie v. Gonzales*, 443 F.3d 405, 410 n.9 (5th Cir. 2006) (internal quotation marks and citation omitted); 8 C.F.R. § 208.16(b). If past persecution based on a protected ground is established, future persecution on the same basis "shall be presumed." § 208.16(b)(1)(i). Absent past persecution, an applicant may be granted withholding of removal if he establishes "that it is more likely than not" that he would be persecuted based on a protected ground. § 208.16(b)(2).

"Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4 (5th Cir. 2004) (internal quotation marks and citation omitted). It "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Id.* (citation omitted). Persecution cannot

be based on "mere denigration, harassment, and threats." *Id.* at 188. This court has previously stated that receipt of a "single threat . . . does not constitute past persecution." *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Moreover, we have held that death threats, without more, do not rise to the level of persecution. *Pirmuhammad v. Ashcroft*, 122 F. App'x 132, 133 (5th Cir. 2005) (holding that multiple death threats, without physical abuse, police detention, or interrogation, are not persecution); *Chamorro v. Ashcroft*, 119 F. App'x 608, 609 (5th Cir. 2004) (same); *Zapeta v. Ashcroft*, 103 F. App'x 857, 858 (5th Cir. 2004) (same); *Torres v. Ashcroft*, 88 F. App'x 706, 707 (5th Cir. 2004) (same).

Here, Ramirez Rojas has proven at most that he received a single, anonymous death threat while living in Guatemala that was unaccompanied by any physical harm or deprivation of liberty. *See Eduard*, 379 F.3d at 187 n.4. This evidence does not compel the reversal of the IJ's determination that Ramirez Rojas had not established harm rising to the level of persecution. *See Chen*, 470 F.3d at 1134.

We also reject Ramirez Rojas's argument that the killings of his two coworkers should be considered persecution against him. First, we do not have jurisdiction to hear this argument because he failed to exhaust his administrative remedies by presenting it to the immigration court. 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Accordingly, we dismiss this part of his petition for lack of jurisdiction. Second, even if we could reach the merits of this claim, "[n]either [this court] nor the BIA has ever held that an alien can seek asylum based upon the alleged past-persecution of another." *Morales*, 860 F.3d at 816.

Ramirez Rojas has also failed to show that the anonymous threat that he received was based on his membership in the PSG of former members of

No. 20-61172

the military.[1] To be eligible for withholding of removal on these grounds, he must show that his membership in a PSG was or will be at least one of the central reasons behind his persecution. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). While his membership in a PSG does not have to be the only reason for harm, "it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (internal quotation marks and citation omitted).

The anonymous threatening note that Ramirez Rojas received did not mention his former position as a military commissioner. He assumes that because the note referenced his former colleagues, their shared military service must have been the motivation for the threat. This speculation, however, is insufficient to make the required showing. *See Milat v. Holder*, 755 F.3d 354, 364 (5th Cir. 2014) (rejecting petitioner's speculation as a basis for reversing the BIA's denial of immigration relief).

Moreover, he has provided no evidence that the author of the threatening note was motivated by animus against former members of the military as opposed to a desire for retribution against him personally for reporting criminal activity to the police. As this court has held, "[p]ersecution motivated by a personal vendetta or desire for revenge is not persecution 'on account of' a protected ground." *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) (citation omitted). Because Ramirez Rojas has failed to show that he was persecuted based on his membership in a PSG, the IJ correctly determined that he was not entitled to withholding of removal. *See Shaikh*, 588 F.3d at 864.

---

[1] He does not challenge the IJ's rejection of his other PSG of "community commissioners targeted by gangs for assisting the government and attempting to curtail gang activity." As such, he has abandoned any such argument by failing to brief it. *See Soadjede*, 324 F.3d at 833.

7

No. 20-61172

We also agree with the IJ that Ramirez Rojas has failed to carry his burden of demonstrating a well-founded fear of future persecution based on a protected ground. "To show a well-founded fear of persecution, [the petitioner] must have a subjective fear of persecution, and that fear must be objectively reasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Although, "[t]he well-founded fear standard does not require an applicant to demonstrate that he *will* be persecuted if returned to his native country, [it] requires that he establish persecution as a reasonable possibility." *Chen*, 470 F.3d at 1135 (internal quotation marks and citations omitted).

While Ramirez Rojas claims that he would continue to receive death threats if he returned to Guatemala, there is no record evidence to support his claim. To the contrary, he testified that since he left Guatemala 20 years ago, he has not received any additional death threats, and there is no indication that the author of the threatening note or anyone else is looking for him. Accordingly, he has failed to demonstrate a well-founded fear of future persecution based on a protected ground. *See Lopez-Gomez*, 263 F.3d at 445.

## IV. CONCLUSION

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.