**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-40315
Summary Calendar

_____

SEYHHAMAT OZDEMIR,

Petitioner,

VERSUS

IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A16 057 614)
_____
(November 1, 1994)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Petitioner Seyhhamat Ozdemir's applications for asylum and withholding of deportation were denied by the Board of Immigration Appeals (BIA). Ozdemir petitions us to review the BIA's decision. We dismiss his petition.

FACTS

Ozdemir, a twenty-six year old ethnic Kurd, is a citizen of Turkey. Turkish police arrested him on March 16, 1992, after he participated in a Kurdish anti-government demonstration. The

_____

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

police detained him for three days, during which time they beat him on the soles of his feet. The police interrogated him about his participation in terrorist organizations. Ozdemir testified that he is a member of the TKP, an organization that uses peaceful means to combat discrimination against Kurds, and not a member of the PKK, a terrorist organization. The police released Ozdemir, and he participated in no further demonstrations. Nevertheless, the police twice questioned him after terrorist incidents occurred in Istanbul. Ozdemir left Turkey on February 17, 1993, and entered the United States illegally.

## DISCUSSION

We review factual conclusions of the BIA for substantial evidence. Silwany-Rodriguez v. INS, 975 F.2d 1157, 1160 (5th Cir. 1992). We will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id.

The BIA concluded that Ozdemir had not suffered past persecution on account of political opinion. The BIA based its conclusion on two grounds: (1) it found that Ozdemir's testimony was not credible; and (2) even if he was credible, Ozdemir had not suffered past persecution on account of political opinion.

The BIA reviews the record de novo and may make its own credibility determinations. Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir. 1986). Generally, we review only the decision of the BIA. Castillo-Rodriguez v. INS, 929 F.2d 181, 183 (5th Cir. 1991). In this case, however, the immigration judge (IJ) found Ozdemir to be a credible witness. If the credibility

2

determinations of the IJ and the BIA conflict, we may consider both.  McMullen v. INS, 658 F.2d 1312, 1318 (9th Cir. 1981).

We need not decide the credibility issue because, even given Ozdemir's testimony, we conclude that he did not suffer past persecution on account of political opinion.  The BIA found that the police interrogated Ozdemir because they were seeking information on terrorist organizations such the PKK.  The Supreme Court requires a petitioner for asylum to prove that a group in his country will persecute him because of his political opinion.  INS v. Elias-Zacarias, 112 S. Ct. 812, 816 (1992).  The record shows that numerous terrorists incidents occurred in Istanbul.  The police were searching for information relating to these incidents.  They did not interrogate Ozdemir because he was Kurdish or because he wanted discrimination against Kurds to end.  They were searching for information on terrorist organizations.  We conclude that substantial evidence exists to support the BIA's conclusion of no past persecution on account of political opinion.

Ozdemir also applied for withholding of deportation.  The burden of proof for withholding of deportation, however, is higher than that for asylum.  See INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987).  Thus, Ozdemir cannot succeed on his application for withholding of deportation if he fails on his application for asylum.

Lastly, Ozdemir would have us apply the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  We have no jurisdiction to decide this issue because

3

it was not raised to the BIA.  <u>Townsend v. INS</u>, 799 F.2d 179, 182 (5th Cir. 1986).

For the foregoing reasons, Ozdemir's petition is DISMISSED.