IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60649
Summary Calendar
_____


BERTA JULIETA GUZMAN-BARRIOS; CARLOS
HUMBERTO CATALAN-GUSMAN; CELIA FERNANDA
CATALAN-GUSMAN; EDGAR ROLANDO CATALAN-BARRIOS,

                                        Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.


- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A72 409 075
A29 415 720
A29 415 721
A29 415 722
- - - - - - - - - -
July 1, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Berta Julieta Guzman-Barrios (Berta) and her children,

Carlos Humberto Catalan-Gusman, Celia Fernanda Catalan-Gusman,

and Edgar Rolando Catalan-Barrios, petition for review of the

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Board of Immigration Appeals' (BIA) order denying the petitions for asylum and suspension of deportation.

In challenging the asylum ruling, the petitioners argue that the BIA ignored the enormous amount of circumstantial evidence and improperly focused on certain facts in the record. They contend that the past activities of Berta's husband, brother, sister, and deceased brother-in-law have been imputed on Berta by the Guatemalan government and that if she and her children return to Guatemala, they will be subjected to further persecution. The evidence of record does not compel a contrary conclusion than that reached by the BIA, and there is substantial evidence to support the BIA's findings. See Ozdemir v. INS, 46 F.3d 6, 7-8 (5th Cir. 1994).

In challenging the BIA's ruling on Berta's application for suspension of deportation, Berta argues that the BIA erred in viewing her two absences from the United States as constituting meaningful interruption of her continuous physical presence in this country. There is substantial evidence to support the BIA's finding. Cf. Rodriquez-Gutierrez v. INS, 59 F.3d 504, 507 (5th Cir. 1995). Because the issue was neither raised by petitioners in the administrative proceedings nor addressed by the BIA in its ruling, we do not consider the petitioners' arguments concerning the applicability of the ABC Settlement Agreement pursuant to American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D.

Cal. 1991).  <u>See</u> <u>Miranda-Lores v. INS</u>, 17 F.3d 84, 85 (5th Cir. 1994).

The petition for review is DENIED.