**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60490
Summary Calendar

PASCUAL REN,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A-70-671-591)

May 15, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

The appellant, Pascual Ren, petitions this court to review the decision Immigration Appeals upholding the Immigration Judge's denial of his petition and withholding of deportation.

We will not reverse the findings of the Board of Immigration Appeals, Judge if the Board adopted his findings, if there is substantial evidence t

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

decision.  <u>Jukic v. I.N.S.</u>, 40 F.3d 747, 749 (5th Cir. 1994).  Reversal is

the evidence is "so compelling that no reasonable fact-finder could fail to

fear of persecution".  <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 483-84 (1992

A review of the record indicates that Ren has not shown evidence of pa

fear of persecution because of one of the five statutory grounds in the def

at 8 U.S.C. § 1101(a)(42)(a).  Rather, Ren's fear was one of conscription o

his refusal to be recruited.  Hence, as the Immigration Judge found, any pe

experienced or fears he will experience is a result of his refusal to fight

abuse its discretion, therefore, in upholding the decision of the Immigrati

Ren contends that under international law he should be granted tempora

United States as a place of safe haven.  That issue was not raised before t

not consider it.  <u>Ozdemir v. I.N.S.</u>, 46 F.3d 6, 8 (5th Cir. 1994).  Further

international law controls only where there is no treaty and no controlling

legislative act or judicial decision.  <u>Gisbert v. U.S. Attorney Gen.</u>, 988 F

Cir. 1993).

The petition for review is **DENIED**.