IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60244

Summary Calendar

_____

EVER JOSUE HERNANDEZ,

                                        Petitioner,

versus

JOHN ASHCROFT, U S Attorney General,

                                        Respondent.

_____

Appeal from the United States District Court
for the Northern District of Texas
(A73 113 603)

_____

October 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ever Josue Hernandez, a native and citizen of Guatemala, appeals the decision of the Board of Immigration Appeals affirming an immigration judge's denial of asylum and withholding of removal. Because we find that the BIA's decision is supported by substantial evidence and that Hernandez has procedurally defaulted on his other arguments, we AFFIRM.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to entering the United States, Hernandez was a street vendor in Guatemala. In November, 1990, several soldiers came to Hernandez's home to question him about the activities of guerilla members of the Guatemalan National Revolutionary Army, an insurgent force. Hernandez was taken into custody by the soldiers. According to Hernandez, the soldiers then attempted to take another man into custody, but this individual resisted and was killed. In the resulting confusion Hernandez escaped and allegedly hid in a church for eight days.

After he fled Guatemala, soldiers came regularly to Hernandez's home looking for him for about two years. There have been no such attempts to locate Hernandez since 1992, and the Guatemalan military was restructured in 1996 pursuant to a peace agreement between the guerillas and the government.

Hernandez entered the United States in December, 1990 near Brownsville, Texas. The INS began removal proceedings in June, 1998. The immigration judge denied Hernandez's requests for asylum and withholding of removal, but granted his request for voluntary departure. The BIA affirmed. Hernandez now appeals the BIA's ruling.

II

The Attorney General may grant asylum, within his discretion, provided an alien meets the statutory definition of "refugee." The Immigration and Nationality Act defines a refugee as:

> "any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of, the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[1]

Hernandez argued to the immigration judge and BIA that he had both been subject to past persecution and had a well-founded fear of persecution were he to be returned to Guatemala. On appeal, however, Hernandez only argues that he was subject to past persecution. The Government notes this procedural default in its brief, and Hernandez does not respond with a reply brief. Accordingly, the argument that Hernandez has a well-founded fear of persecution if returned to Guatemala has been waived.[2]

---

[1] 8 U.S.C. § 1101(a)(42)(A).

[2] *FDIC v. Texarkana Nat'l Bank*, 874 F.2d 264, 271 (5th Cir. 1989) ("Arguments raised on appeal must be included in the appellate brief or they may be considered waived."). While Hernandez devotes some of his background discussion of the law of asylum to the "well-founded fear" requirements, he makes no application of that discussion to the facts of his case, and in his argument section refers only to past persecution. The Court notes the fact that the majority of Hernandez's brief is not specific to this case, lending the appearance that counsel has merely "cut and paste" a pre-prepared (and poor) brief on asylum law.

We review the BIA's finding that a petitioner has not met the requirements for asylum under the "substantial evidence" test.[3] "Under the substantial evidence standard applicable to denials of asylum, we must defer to the BIA's factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise."[4]

Given our precedents, Hernandez's allegations of persecution simply cannot provide a basis for our reversal of the BIA. Hernandez does not provide compelling evidence that his persecution was based on his political opinion, actual or imputed. The soldiers sought Hernandez to question him regarding guerillas, not necessarily because they felt he was politically sympathetic to the guerillas' cause. Furthermore, there was no physical persecution of Hernandez whatsoever, the soldiers gave chase when Hernandez fled, and at this point their interest in Hernandez may only have been primarily disciplinary in nature. We have previously held that much more egregious government action did not amount to compelling evidence of persecution.[5]

---

[3] *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992).

[4] *Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997).

[5] *Id.* (finding that bombing of family home, kidnapping of shooting of relatives, and detention of alien did not provide compelling evidence of past persecution in the context of ongoing civil war); *Ozdemir v. INS*, 46 F.3d 6, 7 (5th Cir. 1994) (holding that alien did not suffer persecution where he was detained for three days, interrogated, and beaten on the soles of his feet). The denial of withholding of deportation was also proper given that the standard of proof required for withholding of deportation is more stringent than that for granting of asylum. *Mikhael*, 115 F.3d at 306.

4

Finally, Hernandez, for the first time on appeal, argues that the past persecution he suffered was so severe that he merits asylum on humanitarian grounds. We will not consider this argument because Hernandez did not raise it in his administrative proceedings.[6]

III

For the foregoing reasons, we AFFIRM.

---

[6] *Youssefinia v. INS*, 784 F.2d 1254, 1258 (5th Cir. 1986).