United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-61136
Summary Calendar

———————————————

CHRIS ATWOOKI BAGUMA; JULIET KYOSHABIRE,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

- - - - - - - - - -
Petition for Review of an Order
of the Board of Immigration Appeals
BIA Nos. A75-348-776 & A75-379-011
- - - - - - - - - -

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Chris Atwooki Baguma (Baguma) and his wife, Juliet
Kyoshabire (Kyoshabire), natives and citizens of Uganda, request
review of the decision of the Board of Immigration Appeals, which
summarily affirmed without written opinion, the decision of the
immigration judge (IJ) to deny Baguma's application for asylum
and for withholding of deportation.  Kyoshabire's claims are
dependent upon the resolution of Baguma's.  We directly review
the IJ's decision.  See Soadjede v. Ashcroft, 324 F.3d 830, 832
(5th Cir. 2003).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Baguma contends that the IJ erred by finding that punishment of Baguma for treason, resulting from his passing of military secrets to rebels, was not persecution "on account of" his political opinion. This claim fails because "the mere existence of a generalized 'political' motive" does not establish persecution "*on account of* political opinion." INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992); see Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997) (acts of harassment "attributed to the civil unrest in the country during wartime"); Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994) (mistreatment due to desire to discover terrorist activity). Accord Chanco v. INS, 82 F.3d 298, 302 (9th Cir. 1996) ("Prosecution for participation in a coup does not constitute persecution on account of political opinion when peaceful means of protest are available for which the alien would not face punishment. Prosecution in these circumstances is no different from prosecution for a common law crime."). Baguma has not shown "'that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (quoting Elias-Zacarias, 502 U.S. at 483-84).

Baguma also contends that the IJ's adverse credibility assessment was baseless. A panel of this Court "cannot replace the . . . IJ's determinations concerning witness credibility or ultimate factual findings based on credibility determinations with its own determinations." Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). The IJ's finding that Baguma was not credible was a reasonable interpretation of the record, and the evidence

did not compel a contrary conclusion.  See Chun v. INS, 40 F.3d
76, 79 (5th Cir. 1994).

The petition for review is DENIED.

The motion, contained within the brief, that this Court
reconsider its denial of a stay of deportation is DENIED.

PETITION DENIED; ALL MOTIONS DENIED.