**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60952
Summary Calendar

HANA BEDIRU,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 509 250

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hana Bediru petitions for review of the Board of Immigration Appeals' (BIA's) opinion that affirmed the decision of the Immigration Judge (IJ) denying her asylum, withholding of removal, and relief under the Convention Against Torture Act. As Bediru does not specifically challenge the IJ's denial of her application for withholding of removal or her request from relief under the Convention Against Torture Act, the issues are deemed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abandoned.  See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Bediru contends that the IJ erred in finding her testimony not credible and erred in finding that she did not have a well-founded fear of persecution if returned to Ethiopia.  We review the IJ's decision because the BIA essentially adopted the IJ's decision.  See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  We will uphold the IJ's determination that Bediru is not eligible for asylum if it is supported by substantial evidence. Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).  To reverse the IJ's determination that Bediru is not eligible for asylum, she must demonstrate the evidence was so compelling that no reasonable factfinder could conclude against it.  Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  We will not "review decisions turning purely on the [IJ's] assessment of the alien petitioner's credibility." Chun, 40 F.3d at 78 (quotation and citation omitted).

This court need not decide the credibility issue because, even accepting Bediru's testimony as true with regard to her fear of persecution upon returning to Ethiopia, a review of the briefs and the administrative records shows that the IJ's determination that Bediru failed to demonstrate a well-founded fear of future persecution is supported by substantial evidence.  See Ozdemir v. INS, 46 F.3d 6, 8 (5th Cir. 1994); see Chun, 40 F.3d at 78.

**PETITION DENIED.**

2