United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60139
Summary Calendar

———————————

SEVERO MANCILLA-CARABALI; ISABELLE CHRISTINA MANCILLA-HERNANDEZ,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 994 087
BIA No. A78 994 086

--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Severo Mancilla-Carabali (Mancilla) petitions for review of
an order of the Board of Immigration Appeals (BIA) affirming the
Immigration Judge's decision to deny his application for asylum
and withholding of removal under the Immigration and Nationality
Act. Mancilla's daughter, Isabelle Mancilla-Hernandez, also
seeks to obtain asylum and withholding of deportation, and her
petition is dependent upon Mancilla's. Mancilla argues that the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

BIA erred by determining that he was not persecuted based upon his being in a particular social group.

This court will uphold the findings that an alien is not eligible for asylum or withholding if those findings are supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Under this standard, the BIA's determination will be affirmed unless the "evidence compels a contrary conclusion." Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

The Immigration Judge determined that Mancilla had not shown that threats from members of the Revolutionary Armed Forces of Colombia (FARC), a Colombian guerilla group, constituted persecution or that the threats were on account of Mancilla's membership in the Liberal Party of Colombia. The evidence established that the FARC guerillas threatened Mancilla, not due to his status as a former policeman or his membership in the Liberal Party, but due to his refusal to comply with their demand that he provide intelligence about police activities. Harassment aimed at obtaining information without regard for the political belief of the person being harassed is not persecution on account of political opinion. See Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Similarly, extortion or forced recruitment does not constitute persecution based on the victim's political beliefs or membership in a particular social group. See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992).

Mancilla has not shown that the evidence compels a conclusion contrary to that of the Immigration Judge. See Carbajal-Gonzalez, 78 F.3d at 197. Because Mancilla has not shown persecution or a well-founded fear of persecution on account of any ground protected by the INA as required for asylum, he also has not shown a clear probability of persecution as required by the more stringent standard for withholding of deportation. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

PETITION DENIED.