**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 3, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60850
Summary Calendar

ALLAUDDIN SULTAN FATTU

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 533 669
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Allauddin Sultan Fattu, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals ("BIA") adopting and affirming, and dismissing Fattu's appeal of, the immigration judge's ("IJ") decision denying his application for withholding of removal, filed pursuant to 8 U.S.C. § 1231(b)(3).

Because the BIA adopted the IJ's decision, the IJ's decision is the final agency determination for judicial review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).  We will uphold the finding that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence.  See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  The substantial evidence standard requires that the IJ's decision be based on the record evidence and that the decision be substantially reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion." Id.

At his hearing before the IJ, Fattu asserted that several years after he left Pakistan, political opponents of his father threw stones at the family home and business several times, forcing his parents to leave the country as well.  The IJ determined that these alleged actions were a "far cry" from "persecution."  After reviewing the record and the briefs, we conclude that the IJ's decision is supported by substantial evidence and that the record evidence does not compel a contrary conclusion.  See Carbajal-Gonzalez, 78 F.3d at 197.  Fattu's allegations do not even rise to the level of other types of mistreatment that we have held not to qualify as persecution. See, e.g., Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996); Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994).

The petition for review is DENIED.