**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 2, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60659
Summary Calendar
_____

DRITAN DANAJ; MIRELA BOGDANAJ,

                                            Petitioners,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                            Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 614 175
--------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Dritan Danaj and his wife Mirela Bogdanaj, who are natives
and citizens of Albania, petition for review of the order of
the Board of Immigration Appeals ("BIA") dismissing their appeal
of the immigration judge's ("IJ") decision denying their
applications for asylum, withholding of removal, and relief under
the Convention Against Torture ("CAT").  The petitioners' brief
presents arguments solely in terms of Danaj; we consider
Bogdanaj's contentions to be subsumed within Danaj's contentions.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Danaj argues that the IJ erroneously determined that he suffered no past persecution when, in 1996, he was arrested, detained for two hours, and beaten on account of his political opinion. His contention that the IJ, in its order, failed to acknowledge the beating is belied by the record. Further, the 1996 incident suffered by Danaj did not rise to the level of persecution. See e.g., Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996); Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994); Fleurinor v. INS, 585 F.2d 129, 132 (5th Cir. 1978).

Danaj also challenges the determination that he did not establish a well-grounded fear of future persecution. However, in light of the large minority of democratic seats in the Albanian parliament, the fact that the democratic party has access to the press, the fact that Danaj was able to live in and near Tirana, Albania, without major problems, and the fact that Danaj's relatives have remained in their village without major problems, Danaj's conclusional assertion that he will face persecution if he is returned to Albania fails to make the showing necessary to entitle him to relief. See 8 C.F.R. § 208.16(b)(2).

We uphold the BIA's determination that Danaj failed to carry his burden of establishing his eligibility for asylum as it is supported by substantial evidence. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Because Danaj does not specifically the challenge the denial of relief insofar as he

sought withholding of removal or relief under the CAT, such claims are deemed abandoned.  See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

The petition for review is DENIED.