# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60652
Summary Calendar

JARNAIL SINGH

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 261 658

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jarnail Singh, a native and citizen of India, has filed a petition for review of the Board of Immigration Appeal's (BIA) order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Singh argues that he was persecuted by law enforcement authorities in Punjab between 1993 and 1995 because he was a Sikh and member of the All-India Sikh Student Federation. Singh contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's decision is not supported by substantial evidence and that the BIA failed to consider whether humanitarian asylum relief should be granted.

"When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). The BIA's factual findings are reviewed for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. at 8.

The record does not compel a conclusion contrary to the immigration judge's finding that Singh did not demonstrate past persecution on account of any of the five enumerated grounds for asylum relief set forth under 8 U.S.C. § 1101(a)(42)(A). See Mikhael, 115 F.3d 299, 304 & n.4 (5th Cir. 1997); Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996); Ozdemir, 46 F.3d at 8. Because the BIA adopted and affirmed this finding, Singh's argument that the BIA failed to consider humanitarian asylum relief is unavailing. See Shehu v. Gonzales, 443 F.3d 435, 440-41 (5th Cir. 2006). The record also does not compel a conclusion contrary to the determination that Singh lacked a well-founded fear of persecution on account of an enumerated ground for asylum relief. See Shehu, 443 F.3d at 437-40; Ozdemir, 46 F.3d at 8.

Singh cannot meet the more demanding standard for withholding of removal given that he cannot satisfy the standard for asylum. See Ozdemir, 46 F.3d at 8. Singh has also failed to satisfy the requirements for relief under the CAT because he has failed to show that he would more likely than not be tortured if he is returned to India. See Bah v. Ashcroft, 341 F.3d 348, 352 (5th Cir. 2003).

The petition for review is DENIED.