IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60664
Summary Calendar

EDDI ROMEO LEMUS FERRO; YADIRA PATRICI VILLAVICENCIO
DUARTE DE LEMUS; ANA DALILA LEMUS; ANDREA BEATRIC
VILLAVICENCIO DUARTE DE LEMUS

Petitioner

v.

PETER D. KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 641 631
BIA No. A97 641 632
BIA No. A97 641 633
BIA No. A97 641 634

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eddi Romeo Lemus Ferro (Lemus), a native and citizen of Guatemala, has

filed a petition for review of the Board of Immigration Appeals' (BIA) order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lemus argues that his application should be granted because he experienced past persecution, has a well-founded fear of future persecution, and established the requisite nexus between the harm suffered and his political opinion. He also contends that the Immigration Judge (IJ) denied him due process by relying on an inadequate hearing transcript.

The BIA's factual findings are reviewed for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. at 8. "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). The record does not compel a conclusion contrary to the BIA's finding that Lemus did not demonstrate past persecution on account of any of the five enumerated grounds for asylum relief set forth under 8 U.S.C. § 1101(a)(42)(A). See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997); Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 349 (5th Cir. 2002). The record also does not compel a conclusion contrary to the determination that Lemus lacked a well-founded fear of persecution on account of an enumerated ground. See Ontunez-Tursios, 303 F.3d at 349.

Lemus cannot meet the more demanding standard for withholding of removal given that he cannot satisfy the standard for asylum. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). As to relief under the CAT, Lemus failed to raise the CAT claim in his brief to the BIA. Lemus's failure to exhaust the CAT claim is a jurisdictional bar to this court's consideration of the issue. See Wang v. Ahscroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Finally, the IJ did not deny Lemus his due process rights by relying on the hearing transcript. The transcript as a whole adequately and unambiguously conveyed the essence of Lemus's testimony. Therefore, Lemus failed to establish

that reliance on the transcript caused substantial prejudice.  See Anwar v. INS, 116 140, 144 (5th Cir. 1997).

The petition for review is DENIED IN PART and DISMISSED IN PART.