# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 06-61178
Summary Calendar

WILLIAM MW ANGI KARANJA

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 959 818

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William MW Angi Karanja, a native and citizen of Kenya, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum. This court will uphold the finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

"To qualify for asylum, an alien must be a 'refugee.'" Tesfamichael v. Gonzales, 469 F.3d 109, 113 (5th Cir. 2006) (citing 8 C.F.R. § 1208.13(a)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A refugee is a person unable to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. (citing 8 U.S.C. § 1101(a)(42)(A)), cert. denied, 2007 WL 2819722 (U.S. Oct. 1, 2007). "Past persecution entails harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control." Id. (citing 8 C.F.R. § 1208.13(b)(1)). The harm or suffering "need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." Id. at 114 (internal quotations and citations omitted).

Karanja acknowledges that the IJ denied him relief based on the finding that he was not credible as well as on the finding that he had not established past persecution or a well founded fear of future persecution. He argues, however, that the BIA "refused to endorse the IJ's negative credibility finding." We do not address the credibility issue because even accepting Karanja's allegations as true, he has not meet his burden of proof. See Ozdemir v. INS, 46 F.3d 6, 8 (5th Cir. 1994).

The record does not support Karanja's assertion that he suffered significant harm to his home or "way of life." Moreover, there is no authority which supports Karanja's argument that the emotional distress he suffered based on the alleged rapes of his wife and daughter is a type of harm that constitutes past persecution. Karanja cites Campos-Guardado v. INS, 809 F.2d 285, 289 (5th Cir. 1981), in support of his assertion. However, in Campos-Guardado, this court merely recognized that harm to a family member might support a finding of a reasonable fear of future persecution, not a finding of past persecution. Id. at 289. Further, Karanja failed to present any facts which showed that he suffered past persecution by a group that the government was unwilling or unable to control, as required by the INA. See

Tesfamichael, 469 F.3d at 113. Accordingly, his petition is DENIED. See Chun, 40 F.3d at 78.