IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2007

Charles R. Fulbruge III
Clerk

No. 06-61147
Summary Calendar

SOPHAL TRY

Petitioner

V.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 400 997

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Sophal Try, a native and citizen of Cambodia, has filed a petition for review of the Board of Immigration Appeal's (BIA) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Try argues that she submitted voluminous evidence showing that she had been persecuted because of her affiliation with the union and the Sam Rainsy Party and that the Immigration Judge (IJ) erred in failing to consider the substantial evidence of her persecution. Try also argues that she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has a well-founded fear of future persecution if she returns to Cambodia in light of her persecution and the persecution of others in her political group who are similarly situated to Try.

"When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). The BIA's factual findings are reviewed for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. at 8.

The record does not compel a conclusion contrary to the IJ's finding that Try did not demonstrate past persecution. See Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). Nor does the record compel a conclusion contrary to the determination that Try lacked a well-founded fear of persecution based on her own treatment or the persecution of persons who were similarly situated. See Eduard v. Ashcroft, 379 F.3d 182, 192 (5th Cir. 2004).

Try cannot meet the more demanding standard for withholding of removal given that she cannot satisfy the standard for asylum. See Chen, 470 F.3d at 1138. Try has also failed to satisfy the requirements for relief under the CAT because she has failed to show that she would more likely than not be tortured if she is returned to Cambodia. See Bah v. Ashcroft, 341 F.3d 348, 351-52 (5th Cir. 2003).

The petition for review is DENIED.