IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-60124
Summary Calendar

NGWEWIO NJOWO TANYI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 866 052

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ngwewio Njowo Tanyi ("Tanyi"), a Cameroon national, petitions for review of the decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's decision to deny her application for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA determined that Tanyi failed to establish that the actions taken against her rose to the level of persecution, or that the actions were on account of her political affiliation with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Social Democratic Front ("SDF"), a political party in Cameroon.  The BIA also found that her fear of future persecution was not objectively reasonable.

In her petition, Tanyi contends that the BIA failed to consider the actions taken against her in the aggregate, that she presented sufficient evidence establishing that Cameroonian officials acted against her on account of her political opinion, that the BIA ignored documentary evidence supporting her claims about the country's conditions, and that the BIA wrongly found that she was able to relocate within Cameroon.

The Attorney General has the discretion to grant asylum to refugees.  8 U.S.C. § 1158(b)(1).  An applicant for asylum may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion.  See 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b).  We will uphold the factual finding that an alien is not eligible for asylum if it is supported by substantial evidence.  Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  Under this standard, we only reverse the BIA's factual determination if "the record reveals compelling evidence that the BIA's interpretation is incorrect."  Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

The BIA's finding that Tanyi was not subject to past persecution based on her affiliation with the SDF is supported by substantial evidence.  Tanyi's complaints involve two assaults which occurred while she participated in political demonstrations, an arrest, and three warrantless searches of her home. The record does not compel the conclusion that the assaults against her, which occurred during two large demonstrations, involved her being singled out for persecution based on a protected grounds.  See Mikhael, 115 F.3d at 304;  Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996) (upholding the finding of no past persecution where alien was twice detained for participating in large demonstrations).   Also, the record does not  demonstrate that Tanyi's two-day

detention was excessive or arbitrary, but in fact indicates that she may have been treated leniently because her husband was a police officer. See Abdel-Masiah, 73 F.3d at 584 (examining whether detentions were excessive or arbitrary); Ozdemir v. INS 46 F.3d 6, 7 (5th Cir. 1994) (holding alien did not suffer past persecution when he was detained for three days, questioned about participation in terrorist organizations, and beaten on soles of his feet). Finally, we do not believe that the three warrantless searches of her home compel a different result than that reached by the BIA. See Majd v. Gonzales, 446 F.3d 590, 595 (5th Cir. 2006) ("[P]ersecution... does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." (quoting Al-Fara v. Gonzales, 404 F.3d 733, 739 (3d Cir. 2005))).

Additionally, the finding that Tanyi's fear of future persecution was not objectively reasonable is supported by substantial evidence. The record indicates that Tanyi was able to relocate within Cameroon and live for two years without incident before she came to the United States. C.f. 8 C.F.R. § 208.13(b)(1)(i)(B) (noting that availability of internal relocation is one method by which the Government can rebut a presumption of a well-founded fear of persecution). Also, her husband was elected to the city council in her home town and he is also a member of the SDF. Tanyi does not allege any incident involving her husband, despite his political affiliation and his public position. Combined with her inability to prove past persecution, these facts support the BIA's conclusion. The record does not compel us to conclude that the BIA was incorrect as to the reasonableness of Tanyi's fear of future persecution.

Because Tanyi has not satisfied the asylum standard, she cannot meet the more stringent standard for withholding of removal. See Eduard v. Ashcroft, 379 F.3d 182, 186 n.2 (5th Cir. 2004) (noting that denial under asylum standard is "dispositive of [one's] withholding of removal claims"). Finally, Tanyi has not challenged the agency's finding that it is "more likely than not" that she would

be tortured upon her return to Cameroon, and she has thus waived any such claim.  See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Accordingly, we DENY the petition.