# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-60639
Summary Calendar

JOSE MANUEL CHAVARRIA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 693 130

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Chavarria, a native and citizen of El Salvador, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying his application for asylum and withholding of removal. Chavarria argues that he suffered past persecution and has a well-founded fear of future persecution on account of his membership in a particular social group: family members of military officers in El Salvador. Chavarria contends that the BIA's decision is not supported by substantial evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). The BIA's factual findings are reviewed for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. at 8.

The record does not compel a conclusion contrary to the determination that Chavarria was harassed and attacked by former guerillas whose motivation was extorting money and other support from Chavarria, as opposed to Chavarria's membership in a particular social group. Furthermore, the BIA's finding that the Salvadoran government is able and willing to control Chavarria's attackers is supported by substantial evidence. See Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992). Chavarria cannot meet the more demanding standard for withholding of removal given that he cannot satisfy the standard for asylum. See Ozdemir, 46 F.3d at 8.

The petition for review is DENIED.