IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-60798
Summary Calendar

HINMAR JAVIER BARRERA-ROSALES,

Petitioner,

v.

MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A97  312  045

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hinmar Barrera-Rosales, an illegal alien, petitions for review of an order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal. In his appeal to the BIA, Barrera-Rosales failed to challenge the determination of the immigration judge ("IJ") that he was not entitled to asylum as a matter of discretion.

Judicial review of a final removal order may be had only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Because exhaustion is statutorily required, the failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

To prevail on his asylum claim, Barrera-Rosales must show that the BIA erred in affirming (1) the IJ's determination regarding statutory eligibility for asylum and (2) the determination that he was not entitled to asylum as a matter of discretion. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Because Barrera-Rosales did not challenge the discretionary denial of asylum in his appeal to the BIA, he has not exhausted that issue, and we lack jurisdiction to consider it. See id.

Barrera's withholding-of-removal claim also fails. He argues that he is eligible for withholding of removal because he experienced past persecution and has a well-founded fear of future persecution based on his membership in a particular social group. Under the substantial-evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Ozdemir v. INS, 46 F.3d 6, 8 (5th Cir. 1994). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). The record does not compel a conclusion contrary to the BIA's finding that Barrera did not demonstrate past persecution or a well-founded fear of future persecution on account of his membership in a particular social group. See id.

For the forgoing reasons, the petition for review is DENIED.