IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-60099
Summary Calendar

YING LIN

                                    Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

                                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 709 794

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Ying Lin, a native and citizen of People's Republic of China, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In rejecting Lin's application, the BIA found that Lin lacked credibility.

On a petition for review of a BIA decision, we review the factual findings for substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994). Under

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the substantial evidence standard, we will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. at 8. "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006).

The decision of the BIA to reject Lin's testimony as incredible is based on a reasonable interpretation of the record and therefore is supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). As the record does not compel a contrary conclusion, Lin's asylum claim fails. See Mwembie v. Gonzales, 443 F.3d 405, 410 (5th Cir. 2006). The adverse credibility determination also defeats Lin's withholding of removal and CAT claims. See Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997); Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Accordingly, Lin's petition for review is DENIED.