# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60601
Summary Calendar

AMOR YACOUBI, also known as Omar Kachani, also known as Omar Yakoubi, also known as Omar Gacob, also known as Amor Yakoubi, also known as Amor Gacob, also known as Larbi A Yacoubi

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 538 499

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Amor Yacoubi, a citizen of Tunisia, has filed a petition for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), in which Yacoubi contended that he had been persecuted because of his homosexuality.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As to his application for asylum, the BIA and IJ found that Yacoubi had not demonstrated by clear and convincing evidence that the application was filed within one year after the date of his arrival in the United States, and further that he had not shown extraordinary circumstances causing a failure to meet that one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B), (D). As to the other forms of relief sought, the IJ assumed Yacoubi to be credible and accepted his testimony as true. The IJ, however, determined that Yacoubi had failed to carry his burden of showing that he had been the victim of past persecution or that it was more likely than not he would be subject to persecution or torture upon his return to Tunisia.

In general, this court reviews only the decisions of the BIA, except where, as in the instant case, the underlying decision of the IJ influenced the determination of the BIA, in which case the IJ's decision may be considered. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). "[T]his [c]ourt must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Under this standard, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis in original). The petitioner bears the burden of proving the compelling nature of the evidence. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This standard is applied in reviewing determinations regarding asylum, withholding of removal, and relief under the CAT. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Yacoubi contends that the IJ erred in determining that he was ineligible for withholding or protection under the CAT. He does not challenge the IJ's determination that he is statutorily ineligible for asylum due to the untimeliness of his application for such relief.

2

Yacoubi's claims fail as the substantial evidence does not compel the conclusion that he was persecuted or had a well-founded fear of persecution because he is homosexual. *See Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). The record reflects that Yacoubi once was beaten by police officers, resulting in injuries to his wrist for which he sought medical treatment, and he once had rocks thrown at him by members of his mosque, resulting in some cuts that he treated at home. He also was called names by the same members of his mosque and by his classmates and teachers. Further, there is no evidence that Yacoubi was ever arrested, charged, or convicted of any crime for any homosexual conduct or that the Tunisian government had any persistent or continuing interest in him. Yacoubi conceded that after the police beating and the rock-throwing incident, he remained in Tunisia without incident for nearly a year. The facts here are not sufficient to compel support for Yacoubi's position that he suffered past persecution. *See, e.g., Ozdemir v. INS*, 46 F.3d 6, 7 (5th Cir. 1994); *Fleurinor v. INS*, 585 F.2d 129, 132 (5th Cir. 1978); *see also Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Absent evidence that he suffered past persecution, Yacoubi is not entitled to a presumption that he would suffer persecution in the future if removed to Tunisia. *See* 8 C.F.R. § 208.16(b)(1)(i).

Furthermore, Yacoubi failed to present any specific, detailed facts that, more likely than not, his life or freedom would be threatened by persecution on the basis of his homosexuality, or he would be tortured if removed to Tunisia. *See* 8 C.F.R. § 208.16(b)(2), (c)(2); *see also Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002). Thus, Yacoubi cannot meet the more stringent standard for withholding of removal or relief under the CAT. *See Eduard*, 379 F.3d at 186.

Yacoubi also contends that he was denied a fair hearing as a result of the IJ's refusal to continue the merits hearing so that he could have counsel and a translator present. Yacoubi did not raise before the BIA any argument that he was denied a fair hearing. Nor did he argue to the BIA that his case should be remanded so that he could be assisted by counsel or a translator. This issue

raises a procedural error that could have been corrected by the BIA. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). Thus, Yacoubi has not exhausted his administrative remedies, and we do not have jurisdiction to consider this ground. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Accordingly, this part of the petition for review should be dismissed for lack of jurisdiction. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004).

Yacoubi also challenges the BIA's denial of his motion to remand. A motion to remand for the consideration of new evidence is considered to be the same in substance as a motion to reopen removal proceedings and is reviewed under the standards applicable to motions to reopen. *Wang*, 260 F.3d at 451-52. We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). That discretion will not be disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

Yacoubi points to no evidence in the record that rebuts the BIA's finding. Rather, he argues that based upon a failure to make payment, his attorney withheld certain letters written by his mother and a friend. Yacoubi, however, fails to offer any explanation why he could not obtain copies of those letters directly via mail prior to the hearing before the IJ or why those witnesses could not be present at the hearing. He also fails to show that the evidence was material. Thus, Yacoubi has not shown that the BIA abused its discretion by denying his motion to remand. *See* 8 C.F.R. § 1003.2(c)(1); *Mai*, 473 F.3d at 164.

Accordingly, Yacoubi's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.