# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2012

No. 11-60695
Summary Calendar

Lyle W. Cayce
Clerk

NELLY OSPINA-RAMIREZ; DEYANIRA MORIANO-OSPINA; CENEYDA M. MORIANO-OSPINA; ALEXIS H. MORIANO OSPINA,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 102 085
A089 102 086
A089 102 087
A089 102 088

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nelly Ospina-Ramirez (Ospina) is a native and citizen of Colombia who admitted entering the United States illegally with her three minor daughters, Deyanira Moriano-Ospina, Ceneyda Moriano-Ospina, and Alexis Moriano-Ospina. All conceded removability but asserted identical claims for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asylum and withholding of removal based on Ospina's allegations. The Immigration Judge (IJ) rejected their claims, and the Board of Immigration Appeals (BIA) dismissed their appeal. They filed a timely petition for review.

Both the IJ and the BIA concluded that Ospina and her daughters were not entitled to asylum or withholding of removal because Ospina failed to make the requisite showing of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We will affirm the BIA's decision unless the evidence compels a contrary result. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "Congress did not intend to confer eligibility for asylum on all persons who suffer harm from civil disturbances – conditions that necessarily have political implications." *Campos-Guardado v. INS*, 809 F.2d 285, 290 (5th Cir. 1987). Accordingly, an alien seeking asylum or withholding of removal has the burden of showing "some particularized connection between the feared persecution and" one of the five grounds listed in § 1101(a)(42)(A). *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); *see Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).

At the hearing before the IJ, Ospina offered a vague and rambling account of relatives or other people who were killed, kidnaped, or threatened by the guerrillas during the armed conflict. She said the guerrillas once tried to kidnap her, but their motivation was not clear. Aside from an unexhausted and meritless contention that her family is a "particular social group," she has never alleged or identified any social group or political opinion for which she or her daughters might be targeted. She has never alleged that she was targeted for her race or nationality, and she merely mentioned "religious persecution" before the BIA without another word of discussion or analysis. Instead, her claims of persecution concerned the fear of her family becoming victims of the ongoing warfare between the Colombian government and the guerrillas. Ospina feared that she and her daughters would become "victims of war" if they returned home

and, while she primarily feared the guerrillas, she also feared the government. The record amply demonstrates that Ospina failed to show the requisite likelihood of persecution "on account" of a protected factor.

Ospina asserted to the IJ and BIA that she feared persecution for refusing to join the guerrillas. She has waived this issue by failing to brief it on appeal. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). In any event, coercive recruitment does not establish persecution on account of a protected factor. *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); *see Girma v. INS*, 283 F.3d 664, 669 (5th Cir. 2002).

Because Ospina has failed to show "a well-founded fear of persecution on account of" a protected factor, her claims for asylum on behalf of herself and her daughters must fail. § 1101(a)(42)(A). To show eligibility for withholding of removal, Ospina and her daughters were required to "demonstrate a 'clear probability' of persecution" on account of a protected factor. *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). This requires showing "a higher objective likelihood of persecution than that required for asylum." *Id.*; *see Ozdemir v. INS*, 46 F.3d 6, 8 (5th Cir. 1994). Because Ospina and her daughters cannot meet the standard for asylum, neither can they meet the more onerous standard for withholding of removal. *See Ozdemir*, 46 F.3d at 8.

The evidence does not compel a decision in favor of Ospina and her daughters. *See Carbajal-Gonzalez*, 78 F.3d at 197. The petition for review is DENIED.