United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-60718
Summary Calendar

—————————

MUKANDA REGMI; POOJA REGMI,

                                    Petitioners,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                                    Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A75 337 042
No. A75 337 043
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mukanda Regmi and his wife, Pooja, petition for review of an order of the Board of Immigration Appeals ("BIA") upholding the denial of their applications for asylum. Petitioners make several assertions that they fail to support with any legal or factual argument. They assert that the inclusion of certain exhibits in the record was fundamentally unfair and that the adverse credibil-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ity findings of the immigration judge ("IJ") had no basis in law or fact. They also contend that the IJ made incorrect factual findings. Because this court requires arguments to be briefed to be preserved and issues not adequately briefed are deemed abandoned, these assertions are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (stating that issues not raised in alien's petition for review of decision by BIA are deemed abandoned).

Petitioners make several arguments that they failed to make in their appeal to the BIA. They argue that Regmi suffered past persecution based on his "pro western political opinion which ran contrary to that held by the Hindu government of Nepal." They also aver, for the first time, that they qualify for relief under the Convention Against Torture ("CAT"). Because they did not make their arguments before the BIA, this court lacks jurisdiction to consider them. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam) (citing 8 U.S.C. § 1252(d)(1)).

Petitioners challenge the summary-affirmance procedure employed by the BIA. They argue that "affirmance without opinion" violates due process because "relief from deportation is a substantial question and demands a full and complete review." Because this court has held that summary-affirmance procedures, such as that used in the instant case, "do not deprive this court of a basis for judicial review . . . and do not violate due process,"

see Soadjede, 324 F.3d at 833, the petitioners' argument is without merit.

Petitioners argue that the IJ erred in denying their application for asylum. They reason that they have demonstrated past persecution in the form of "abuse, attacks and threats," and they contend that they were "forced to flee" the country because of Regmi's conversion to Christianity. They also argue that they lost their home because of his conversion.

The Attorney General has the discretion to grant asylum to a person living outside his country who is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994) (internal quotation omitted). To show persecution, the alien must demonstrate that a reasonable person in the same circumstances would fear persecution if deported. Id. He must present specific, detailed facts showing a good reason to fear that he will be singled out for persecution. Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

Because the BIA affirmed the decision of the IJ without opinion, we review the IJ's decision to determine whether it is supported by substantial evidence in the record. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002); Faddoul, 37 F.3d at 188. Under the substantial evidence test, this court may not reverse a factual determination unless the evidence compels it. Chun

v. INS, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam).  The alien must demonstrate that the evidence was so compelling that no reasonable factfinder could conclude against it.  Id.

"Persecution" is the "'infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments.'"  Abdel-Masieh v. INS, 73 F.3d 579, 583 (5th Cir. 1996) (citation omitted).  "At a minimum, there must be some particularized connection between the feared persecution and the alien's race, religion, nationality, [membership in a particular social group, or political opinion]."  Faddoul, 37 F.3d at 188.  The alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution."  Id.  "Neither discrimination nor harassment ordinarily amounts to persecution . . . even if the conduct amounts to 'morally reprehensible' discrimination on the basis of race or religion."  Eduard v. Ashcroft, 379 F.3d 182, 188 (5th Cir. 2004) (Christian petitioners taunted by Muslims).

None of the evidence presented by Regmi compels a determination that he or his wife suffered past persecution or have a well-founded fear of future persecution.  Neither the "abuse" inflicted by Regmi's family nor the isolated attack by his cousin rises to the level of persecution required to establish eligibility for asylum.  See, e.g., Abdel-Masieh, 73 F.3d at 584 (deciding that alien twice detained and beaten for participation in large demon-

strations did not establish past persecution); <u>Ozdemir v. INS</u>, 46 F.3d 6, 7 (5th Cir. 1994) (per curiam) (concluding that alien did not suffer persecution when he was detained for three days and beaten).

Because petitioners have not met their burden of showing that the denial of asylum was not supported by substantial evidence, their petition is DENIED.  <u>See</u> <u>Faddoul</u>, 37 F.3d at 188.