# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-60003
Summary Calendar

MANOHAR BISTA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 212 449

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Manohar Bista, a native and citizen of Nepal, petitions this court to review the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying Bista's asylum application as time-barred, and finding Bista ineligible for withholding of removal or relief under the Convention Against Torture. Bista challenges only the determination that he is ineligible for withholding of removal. See Calderon-Ontiveros v. INS, 809 F.2d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1050, 1052 (5th Cir. 1986). Bista maintains: the BIA's and IJ's rejection of his claim–that, if he returned to Nepal, he had a well-founded fear of persecution because of his political opinions–was not supported by substantial evidence; the Maoists are known generally for "dealing harshly" with individuals who publish critical articles; the Maoists have persecuted his family members because of Bista's political opinions; and the IJ focused incorrectly on Bista's family's lack of problems to support finding Bista failed to show the requisite clear probability of future persecution.

Because the BIA adopted the IJ's findings, except to find that Bista had published articles since the initiation of removal proceedings, we review the decision of the IJ. See Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). Substantial evidence supports the conclusion that Bista failed to show a clear probability of future persecution if he returned to Nepal. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004); Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994).

Bista also seeks to have this court take judicial notice of the current political situation in Nepal, as documented in a series of internet articles listed by Bista. The means for seeking further fact-finding is through a motion to reopen. See Ali v. Gonzales, 440 F.3d 678, 680 n.1 (5th Cir. 2006).

Because Bista has failed to establish a clear probability of persecution upon return to Nepal, the evidence does not compel the conclusion that Bista's fear of persecution is well-founded. See Roy, 389 F.3d at 138. Accordingly, the conclusion of the BIA is substantially reasonable. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

DENIED.