United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60612
Summary Calendar

_____

SARA AZHDAROLDINI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 439 127
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges

PER CURIAM:[*]

Sara Azhdaroldini petitions for review of the Board of Immigration Appeals' (BIA's) denial of her motion to reconsider the decision denying her motion to reopen an in absentia removal proceeding. Azhdaroldini argues her motion for reconsideration should have been granted because (1) it was improper for the BIA to simply adopt the immigration judge's decision denying her motion to reopen without making its own independent judgment regarding the merits and (2) the BIA's decision was decided by only a one-member panel. We deem these arguments meritless

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the BIA's independent review does <u>not</u> preclude it from adopting or affirming a decision of the immigration judge, where, as in this case, the BIA is in agreement with the reasoning and result of the immigration judge's decision. <u>See</u> <u>Matter of Burbano</u>, 20 I&N Dec. 872, 873-74 (BIA 1994). Moreover, the immigration regulations authorize a single BIA member to issue a decision on the merits of a case affirming the decision of the immigration judge. 8 C.F.R. § 1003.1(e)(5).

Azhdaroldini additionally argues that there was sufficient information before the immigration judge from which a finding could have been made that she did not receive adequate notice of her removal proceeding. The evidence presented to the immigration judge in the motion to reopen, namely the counsel's letter and her mother's green card, do not indicate that Azhdaroldini did not receive her notice to appear. We hold, therefore, that the denial of Azhdaroldini's motion for reconsideration was not an abuse of discretion because she did not identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked. <u>See</u> <u>Zhao v. Gonzales</u>, 404 F.3d 295, 301 (5th Cir. 2005).

PETITION DENIED.