# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-60946
Summary Calendar

MARTHA DELMIS BENITEZ-MANZANARES

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 033 106

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Having conceded removability, Martha Delmis Benitez-Manzanares, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her applications for asylum and withholding of removal. "We review the decision of the BIA, and reach the underlying decision of the [IJ] only if that decision has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

some impact upon the BIA's opinion." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002) (citing *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997)). "We review factual findings of the [BIA] to determine if they are supported by substantial evidence in the record." *Mikhael*, 115 F.3d at 302 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Under this standard, the BIA's decision will be affirmed unless the "evidence compels a contrary conclusion". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (citing *Ozdemir v. INS*, 46 F.3d 6, 8 (5th Cir. 1994)).

We conclude: the BIA's decision is supported by substantial evidence in the record; concomitantly, the evidence does not compel a contrary conclusion. *See id.* Among other things, the evidence does not establish that Benitez was persecuted for being a member of any particular social group. Moreover, Benitez' having failed to make the requisite showing for asylum, she likewise fails to meet the more stringent standard for proving eligibility for withholding of removal. *See Faddoul v. INS*, 37 F.3d 185, 190 n.7 (5th Cir. 1994).

Benitez also claims the BIA erred by affirming the IJ's decision through the action of a single BIA member. Pursuant to 8 C.F.R. § 1003.1(e), "[u]nless a case meets the standards for assignment to a three-member panel under [§ 1003.1(e)(6)], all cases *shall* be assigned to a single [BIA] member for disposition". 8 C.F.R. § 1003.1(e) (emphasis added). Benitez' case does *not* meet the standards for assignment to a three-member panel. *See* 8 C.F.R. § 1003.1(e)(6) (limiting review by a three-member panel to circumstances where, *inter alia*, there is a need to "settle inconsistencies among the rulings of different immigration judges", "review a decision by an [IJ] . . . that is not in conformity with the law or with applicable precedents", or "review a clearly erroneous factual determination by an [IJ]"). Accordingly, the affirmance of the IJ's decision by a single BIA member was permissible. *See* 8 C.F.R. § 1003.1(e)(5) (permitting a single BIA member to consider the merits of a case, and to "issue

a brief order affirming . . . the decision under review"); *see also*, *e.g.*, *Azhdaroldini v. Gonzales*, 220 F. App'x 350, 351 (5th Cir. 2007) (unpublished).

DENIED.