**Norman Armando SALGADO PANIGUA, also known as Norman P. Salgado, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 10–60876
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 2011.

Lawrence Erik Rushton, Rushton Law Firm, Bellaire, TX, for Petitioner.

Lisa Marie Damiano, Esq., Tangerlia Cox, Susan Bennett Green, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Norman Armando Salgado Panigua, a native and citizen of Nicaragua, seeks review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) denial of his application for asylum and withholding of removal.[1] Both the IJ and BIA found that Panigua had been subject to past persecution in Nicaragua due to his anti-Sandinista activities but that fundamental changes in that country following its civil war negated the possibility that Panigua would be persecuted if he returned. Panigua challenges those determinations based on the fact that Daniel Ortega, the leader of the Sandinista government at the time he was persecuted, was elected president of Nicaragua in 2006.

We review an immigration court's rulings of law de novo and its findings of fact to determine whether they are supported by substantial evidence. *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir.2007). Under substantial evidence review, we will not reverse a factual finding unless the evidence not only supports a contrary conclusion, but compels it. *Id.* If, as in the instant case, the BIA affirms the IJ's decision based in part on the IJ's reasoning and in part on its own findings, we will consider both decisions. *Id.* at 593–94.

An alien's removal must be withheld if he shows a "clear probability of persecution" in his home country. *Chen v. Gon-*

*zales,* 470 F.3d 1131, 1138 (5th Cir.2006) (internal quotation marks and citation omitted). If, as in the instant case, an alien has suffered past persecution, " 'it shall be presumed that [his] life or freedom would be threatened on that basis in the future.' " *Zhu,* 493 F.3d at 596 (quoting 8 C.F.R. § 208.16(b)(1)(i)). The Government may rebut that presumption if it proves by a preponderance of the evidence that there has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened. *Id.* at 596–97 (citing § 208.16(b)(1)(i), (ii)).

Contrary to Panigua's assertions, the BIA and IJ held the Government to its burden of rebutting the presumption of persecution in his case. After careful review of the record and the briefs, we conclude that substantial evidence supports the administrative determination that the Government met that burden. The 2007 State Department country report presented to the BIA indicates that the political landscape in Nicaragua has changed significantly following the end of that country's civil war. Ortega was freely elected in 2006 and in the year following his election there were no reports that the government was responsible for politically motivated killings, disappearances, or imprisonments. Accordingly, Panigua did not establish a clear probability that he would be persecuted if he returned to Nicaragua.

Panigua complains that the BIA failed to take administrative notice of the most recent State Department country reports at the time it issued its decision. However, he did not exhaust his administrative remedies with regard to that issue and we lack jurisdiction to review it. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Panigua does not challenge the denial of his application for asylum.

*Wang v. Ashcroft,* 260 F.3d 448, 452–53 (5th Cir.2001). Panigua also asks this court to take judicial notice of the most recent State Department country report for Nicaragua. Even if this court took notice of that document, it does not compel a conclusion that the Government failed to rebut the presumption of persecution.

For the aforementioned reasons, Panigua's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.