# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2015

Lyle W. Cayce
Clerk

ALIOU DIALLO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 840 735

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Aliou Diallo has filed a petition for review of the decision denying his applications for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. He argues that the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) erred in denying his application for asylum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60062

When, as in the present case, the BIA's decision is affected by the IJ's ruling, this court reviews both the IJ and BIA's decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review legal conclusions de novo and factual findings for substantial evidence. *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006).

An alien is eligible for a discretionary grant of asylum if he qualifies as a refugee. 8 U.S.C. § 1158(b)(1)(A), (B)(i). A refugee is a person who is outside of his or her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 C.F.R. § 1208.13(b). The alien bears the burden of establishing a nexus between the persecution and one of the five statutory grounds for asylum. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006). If an alien establishes that he suffered persecution in the past on account of a protected ground, he is entitled to a rebuttable presumption of a well-founded fear of future persecution. § 1208.13(b)(1). The Government may rebut that presumption upon proof by a preponderance of the evidence that there has been a fundamental change in the country's conditions such that the applicant's life or freedom would not be threatened if he returned. *Zhu*, 493 F.3d at 596-97.

Substantial evidence supports the IJ and BIA's conclusion that any past harm Diallo suffered at the hands of the Guinea government was not on account of an imputed political opinion, but rather was the result of his brother being sought for murder and the government's belief that Diallo provided assistance in hiding his fugitive brother. The fact that Diallo's brother was political, without more, does not compel a finding that any harm suffered by Diallo was on account of political opinion. *See INS v. Elias-Zacarias*, 502 U.S.

2

No. 14-60062

478, 482 (1992); *Majd*, 446 F.3d at 594; *Ozdemir v. INS*, 46 F.3d 6, 7 (5th Cir. 1994).

Substantial evidence also supports the IJ and BIA's alternative determination that even if Diallo established past persecution, the presumption of a well-founded fear of future persecution was rebutted in view of the significant changes of country conditions. The IJ properly relied on the State Department country report when determining whether there had been a change in Guinea's country conditions. *See Rojas v. INS*, 937 F.2d 186, 190 n.1 (5th Cir. 1991). The 2010 State Department country report reflects a fundamental change in the political climate in Guinea since Diallo left in 2008. In particular, Guinea has transitioned from authoritarian rule to civilian rule. The government that persecuted Diallo is no longer in power, and the country report states that there were no reports of politically motivated disappearances. *See Shehu v. Gonzales*, 443 F.3d 435, 437-40 (5th Cir. 2006); *see also Salgado Panigua v. Holder*, 444 F. App'x 750, *1 (5th Cir. 2011).

For the foregoing reasons, Diallo's petition for review is DENIED.