# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2011

Lyle W. Cayce
Clerk

No. 11-60109
Summary Calendar

QIANGGUI HUANG,

Petitioner,

versus

ERIC H. HOLDER, JR., U. S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 089  480  603

Before REAVLEY, SMITH, and PRADO, Circuit Judges.
PER CURIAM:[*]

Qianggui Huang, a citizen of the People's Republic of China ("PRC"), peti-
tions for review of the decision of the Board of Immigration Appeals ("BIA")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

affirming the decision of the immigration judge ("IJ") to deny his application for asylum and withholding of removal. Huang contended that he had been persecuted because of his actual and perceived political opinions. Because he has not challenged the BIA's conclusion that he was not entitled to relief under the Convention Against Torture, any such claims are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Huang complains that the IJ's determination that his testimony was partially incredible is unsupported by the record. Huang notes that the BIA did not adopt the IJ's adverse credibility finding. We do not address the credibility issue because, even accepting Huang's allegations as true, he has not met his burden of proof. *See Ozdemir v. INS*, 46 F.3d 6, 8 (5th Cir. 1994). In addition, he asserts that the IJ and BIA denied him due process by rejecting his unsworn statements from his father and others who witnessed events happening to him in the PRC. The agency did not reject the statements but instead granted them limited weight. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231 (b)(3)(C).

The BIA determined that Huang's request for asylum was untimely because it was not filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Huang asserts that he has alleged a change in his circumstances excusing the untimely filing, based on his father's confrontation with PRC officials in May 2010 after Huang's attorney had sought confirmation of his client's claims from the PRC military and the local government. Section 1158-(a)(3) provides that no court shall have jurisdiction to review the BIA's determination regarding exceptions to the timeliness of an asylum application.

Notwithstanding any jurisdictional restrictions, we are not precluded from reviewing claims raising constitutional or purely legal questions. *See* 8 U.S.C. § 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The determination whether extraordinary circumstances or a change in circumstances justified the untimely filing of an asylum ordinarily is a question of fact. *See Zhu*, 493 F.3d at 595-96 & n.31; *Nakimbugwe v. Gonzales*, 475 F.3d 285, 284 & n.1

(5th Cir. 2001). Huang attempts to raise a legal argument by asserting that the BIA misapplied the rules by failing to consider whether the May 2010 incident constituted a change in his personal circumstances under 8 C.F.R. § 1208.4(a)(4)-(i)(B). Because he failed to raise that claim before the BIA, however, it is unexhausted, so we lack jurisdiction to review it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

In regard to withholding of removal, we generally review only the BIA's decision, although we will consider the IJ's underlying opinion to the extent it influenced the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We review the BIA's legal findings *de novo* and its findings of fact for substantial evidence. *Zhu*, 493 F.3d at 594. Under that standard, we will not reverse unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

An applicant for withholding of removal must establish that it is "more likely than not" that his life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks omitted). Even if we consider Huang's testimony as fully credible and give full weight to his documentary evidence, that evidence does not *compel* a finding that he will more likely than not be persecuted based on his political opinion if he returns to the PRC. *See Chen*, 470 F.3d at 1134; *Roy*, 389 F.3d at 138. Accordingly, the BIA did not err in affirming the IJ's denial of relief. *See Roy*, 389 F.3d at 138.

The petition for review is DENIED.